UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID E. FAST, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. C-10-367 |
| | § | |
| , | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Appellant David Fast's First Amended Rule 8005 Motion to Stay the Bankruptcy Court's order of remand. (D.E. 8.) For the reasons stated herein, said motion is DENIED.

**I.    Background**

According to the allegations in Appellant David Fast's Motion to Stay, Debtor Alaniz filed for bankruptcy protection in August 2009 in the 105th District Court of Nueces County, listing the lawsuit as "Fox Garden vs. Alaniz." But Alaniz did not include Appellant Fast or Fox Garden in the documents. Alaniz attended the Section 341 creditor's meeting in November 2009, but did not give notice to Fox Garden or Fast. Alaniz filed his Suggestion of Bankruptcy in the same court in December 2009. At this point, Appellant Fast became aware of the proceeding. Fast filed for reopening of the Section 341 meeting. Another Section 341 meeting was held on April 27, 2010, with Fast attending (though not Fox Garden). (D.E. 8)

Appellant Fast filed a Notice of Removal to the Bankruptcy Court on May 27, 2010. Fox Garden filed a Motion to Remand in July 2010 on the ground that the Removal was untimely. The Motion for Remand was granted and the case was remanded on October 4, 2010. Fast filed

a Motion for Rehearing on October 14, 2010. The Bankruptcy Court denied his Motion for Rehearing. (D.E. 1, p. 2-3.)

Appellant Fast filed a Notice of Appeal to this Court on November 18, 2010, and an Amended Notice of Appeal on December 12, 2010. Fast now seeks a Rule 8005 stay of the Bankruptcy Court's order of remand pursuant to Rule 8005.

## II. Discussion

Federal Rule of Bankruptcy Procedure 8005 permits a motion to stay pending appeal to be made to the district court when (1) the motion is presented to the bankruptcy judge in the first instance, and (2) the motion demonstrates why the stay was not obtained from the bankruptcy judge.[1] A court's "decision to grant or deny a stay pending appeal rests in the discretion of that court." In re First S. Savs. Ass'n, 820 F.2d 700, 709 (5th Cir.1987). However, the Court must exercise its discretion in light of what the Fifth Circuit has recognized as the four criteria for a stay pending appeal. Id. The four criteria are: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. Arnold v. Garlock, Inc., 278 F.3d 426, 439-42 (5th Cir.2001); In re First S. Savs. Ass'n, 820 F.2d at 709.

---

[1] Fed. R. Bankr. P. 8005 provides in material part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, **but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.** The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

Fed. R. Bankr. P. 8005 (emphasis added).

Each criterion must be met and "'the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.' " Arnold, 278 F.3d at 439 (quoting In re First S. Savs. Ass'n, 820 F.2d at 704). "Failure to satisfy one of the four prongs listed above defeats a motion to stay." Smith v. Schmidt, 2007 U.S. Dist. LEXIS 41901, *12 (S.D. Tex. June 8, 2007) (citing In re Texas Equip. Co ., Inc., 283 B.R. 222, 227 (Bankr.N.D.Tex.2002)).

In this case, Appellant has not met his initial burden to demonstrate why the stay was not obtained from the Bankruptcy Court. Appellant states it attempted to obtain a stay from the Bankruptcy Court. Appellant states that he "pointed out that, according to Rule 8005, the Bankruptcy Court has the ability, upon proper motion to suspend the order, the subject of the appeal, or other appropriate orders during the pendency of the appeal…" and that "the Bankruptcy Court did not grant relief after filing the Rule 8005 motion [.]" Appellant further states that the Bankruptcy Court refused to stay its remand order "mostly on procedural grounds." (D.E. 4, p. 1.) However, Appellant does not explain why the Bankruptcy Court declined to grant his motion to stay, and has not satisfied the mandate of Fed. R. Bankr. P. 8005 that "the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." Fed. R. Bankr. P. 8005.

A stay may be denied on this ground alone. Fed. R. Bankr. P. 8005; see also In re Stewart, 2009 WL 1649731, * 2 (E.D. La. June 10, 2009.) However, for the sake of completeness, the Court also notes that Appellant has not made a showing that he has a likelihood of success on the merits of his appeal. See In re First S. Sav. Assoc., 820 F.2d at 704. In his Motion to Stay, Appellant has not explained the Bankruptcy Court's ruling or argued the

merits of his appeal – let alone shown that he has a likelihood of success on the merits. Arnold, 278 F.3d at 439.

Because Appellant has failed to satisfy at least one of the four prongs for a motion to stay, Appellant's motion is denied. Smith, 2007 U.S. Dist. LEXIS 41901, *12; In re Texas Equip. Co ., Inc., 283 B.R. at 227.

**III.   Conclusion**

For the reasons stated above, Appellant's Motion to Stay (D.E. 8) is DENIED.

SIGNED and ORDERED this 14th day of December, 2010.

_____
Janis Graham Jack
United States District Judge