UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID E. FAST, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. C-10-367 |
| | § | |
| FOX GARDEN HOMES, LLC, | § | |
| | § | |
| Appellee. | § | |

## ORDER

Having reviewed Appellee Fox Garden Homes, LLC's Motion to Dismiss Appeal (D.E. 14) and Amended Motion to Dismiss Appeal (D.E. 19), as well as Appellant's Response (D.E. 21), the Court finds that it lacks subject matter jurisdiction to hear this appeal and GRANTS Appellee's Motion to Dismiss Appeal, DISMISSING Appellant David E. Fast's appeal with prejudice.

### I.     Background

Appellant David E. Fast filed a Notice of Removal to the Bankruptcy Court on May 27, 2010.  (D.E. 10, Ex. 6.)  Appellee Fox Garden Homes, LLC filed a Motion to Remand on the ground that the removal was untimely.  (D.E. 10, Ex. 6.)  The Motion for Remand was granted on October 4, 2010, and the Clerk of Court transmitted the lawsuit back to the 105th Judicial District Court, Nueces County, Texas, along with a certified copy of the remand order.  (D.E. 18.)

Appellant filed an appeal with this Court on November 18, 2010.  (D.E. 1).  Appellant filed a motion to stay the remand order on December 3, 2010.  (D.E. 4.)  The Court struck the appeal and the motion, which were not double spaced in violation of the Local Rules.  (D.E. 5,

D.E. 6.) Appellant re-filed the motion to stay on December 12, 2010. (D.E. 8).[1] The Court denied the motion to stay because Appellant failed to indicate why he was unable to obtain a stay from the Bankruptcy Court, as required by Federal Rule of Bankruptcy Procedure 8005, and failed to show a likelihood of success on the merits of his appeal. (D.E. 9.)

Appellant then filed a Notice of Appeal on December 22, 2010, again objecting to the Bankruptcy Court's October 4, 2010 remand order. (D.E. 10.) Appellant did not file an appellate brief until January 14, 2011. (D.E. 11.) Appellant also failed to sign his brief, in violation of the Local Rules. The Court struck the brief, (D.E. 12), and Appellant re-filed the brief on January 25, 2011. (D.E. 14.)

On February 8, 2011, Appellee filed the presently pending Motion to Dismiss Appeal, urging this Court to dismiss Appellant's appeal on the grounds that Appellant has failed to comply with the Federal Rules of Bankruptcy Procedure and that the Court lacks subject matter jurisdiction over this case. (D.E. 14.) Appellee filed an amended motion to dismiss on February 11, 2011. (D.E. 19.)

Appellant has responded. (D.E. 21.)

## II.   Discussion

Federal Rule of Bankruptcy 8009(a)(1) requires that a bankruptcy appellant file a brief within fourteen days of entry of the appeal. See Fed. R. Bankr. Proc. 8009(a)(1). Rule 8001(a) gives a district court the authority to dismiss a bankruptcy appeal for failure to comply with procedural rules. See Fed. R. Bankr. Proc. 8001 ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only

---

[1] Appellant's Second Amended Motion to Stay was incorrectly filed as a Notice of Appeal. See Corrective Entry, December 14, 2010.

for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal*.") (emphasis added).

The Fifth Circuit has recognized a district court's authority to dismiss a bankruptcy appeal for failure to comply with Rule 8009(a)(1). See Ainsworth v. McDonald (In re McDonald), 327 Fed. Appx. 491 (5th Cir. 2009) (unpublished); see also In re Pequeno, 240 F. App'x 634, 636 (5th Cir. 2007) (unpublished) (affirming dismissal for failure to file initial brief); In re Shah, 204 F. App'x 357, 359 (5th Cir. 2006) (unpublished) (affirming denial of motion for reconsideration of dismissal for failure to file initial brief); In re Braniff Airways, Inc., 774 F.2d 1303, 1305, 1305 n.6 (5th Cir. 1985) (observing that dismissal for failure to file initial brief may be proper); Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743, 745-46 (5th Cir. 1976) (same).

In this case, Appellant has consistently failed to follow the procedures outlined in the Federal Rules of Bankruptcy Procedure. With respect to his December 22, 2010 appeal, Appellant did not file a brief until over fourteen (14) days after docketing his notice of appeal under Rule 8007(b). The appeal was docketed December 22, 2010. (D.E. 10.) The first, unsigned brief was not filed until January 14, 2011. (D.E. 11.) The signed brief was not filed until January 25, 2011. (D.E. 13.)

In addition, Appellant failed to timely file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented," as required by Rule 8006. See Fed. R. Bankr. 8006; see also M.A. Baheth & Co. v. Schott (In re M.A. Baheth Constr. Co.), 118 F.3d 1082, 1083 (5th Cir. 1997) (upholding dismissal for failure to file statement of issues in a timely manner).

Appellant argues that he should be excused for his failures to timely comply with the Rules because this was his first appeal brief and he is unfamiliar with the "complex docketing procedures" of the Court.  (D.E. 21 at ¶ 7.)  The Court does not find this excuse credible. Appellant has filed many items with this Court in the past.  In any case, the December 22, 2010 docketing of appeal states clearly that "appellant's brief must be filed 14 days after entry of this notice." (D.E. 10.)  Unfamiliarity with docketing procedures would not justify Appellant's filing his unsigned brief nine days late and then waiting five days following the strike order to file a corrected signed brief.  As to his failure to file any statement of issues, Appellant has no excuse, stating that he did not file one "because they were so obvious from the designation of the record, other than Issue No. 4." (D.E. 21 at ¶ 6.)

Notwithstanding these procedural errors, the Court finds that the issue raised on appeal – namely, the Bankruptcy Court's decision to remand Appellant's case to state court – is moot. The Bankruptcy Court remanded the case and the Clerk transmitted a certified copy of the order of remand to state court on October 4, 2010.  (D.E. 18.)   Appellant did not file any appeal until over a month later, (D.E. 1), and did not properly file a motion to stay the remand order until December 12, 2010.  (D.E. 8.)  Over three months have now passed since the case was remanded to state court.

"[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." Tex. Midstream Gas Servs. LLC v. City of Grand Prairie, 608 F.3d 200, 204-205 (5th Cir. 2010) (citing Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bum i Negara, 335 F.3d 357, 365 (5th Cir. 2003) (quoting Church of Scientology v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992))).  A claim is moot if "the issues presented are no longer live

or the parties lack a legally cognizable interest in the outcome." Id. (citation omitted); see also In re Public Serv. Co., 963 F.2d 469, 471 (1st Cir. 1992) ("Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief. Jurisdictional concerns may arise from the constitutional limitations imposed on the exercise of Article III judicial power in circumstances where no effective remedy can be provided, 4 or from a loss of jurisdiction over the *res* or the parties, before or during the appeal, which renders the appellate court powerless to grant the requested relief.") (internal citations omitted).

"Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (quoting U.S. v. Alaska S.S.Co., 253 U.S. 113, 116, 40 S. Ct. 448, 449, 64 L. Ed. 808 (1920)). If an issue has become moot, a case or controversy no longer exists, and the court therefore lacks subject matter jurisdiction. Id. ("[O]ur impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S. Ct. 391, 394, 11 L. Ed. 2d 347 (1964)).

"[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004). The absence of subject matter jurisdiction cannot be waived and must be raised by the court even if the issue has not been raised by the parties to the action. U.S. v. One 18th Century Colombian Monstrance, 797 F.2d 1370, 1374 (5th Cir. 1986).

Under these principles, Appellant's appeal has become moot, given that remand to state court occurred over three months ago. Because Appellant has consistently failed to comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, and because, in any case, the Court lacks subject matter jurisdiction to hear this appeal, the Court dismisses the appeal with prejudice.

### III. Conclusion

For the reasons explained above, Appellee's Motion to Dismiss Appeal (D.E. 14) and Amended Motion to Dismiss Appeal (D.E. 19) are GRANTED. The Court hereby dismisses Appellant's appeal with prejudice to re-filing.

SIGNED and ORDERED this 16th day of February, 2011.

_____
Janis Graham Jack
United States District Judge